UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,   Case Number 24-20584
v.   Honorable David M. Lawson

LAVELLE WILLIAMS,

        Defendant.
_____/

## **OPINION AND ORDER DENYING MOTION TO DISMISS INDICTMENT**

Defendant Lavelle Williams is accused in an indictment of robbing a Family Dollar Store that was engaged in interstate commerce, during which he discharged a firearm that he possessed illegally because of his status as a felon. The object of the robbery was a bag of charcoal. Williams has filed a motion to dismiss the robbery and the dependent firearm charges, arguing that the modest value of the bag of charcoal renders the connection of the robbery and the store to interstate commerce *de minimis*, and therefore no federal crime is charged in two counts of the indictment. The Court heard oral argument on November 13, 2025. Because certain facts (such as the value of the bag of charcoal and the Family Dollar Store's connection to interstate commerce) cannot be established without a trial, and because the government need only prove a *de minimis* connection to interstate commerce to prove that element of Hobbs Act robbery, the motion must be denied.

I.

The circumstances of the charged crimes are undisputed for the purposes of this motion. According to the government, on September 2, 2024, defendant Lavelle Williams entered a Family Dollar Store located on Schoolcraft Road in the city of Detroit. Williams supposedly picked up a bag of charcoal from a display and attempted to leave the store without paying for it. The government says that when an employee asked him to pay for the charcoal, Williams brandished

a silver revolver. Williams then walked behind the counter where store employees were standing and ordered them not to call the police. Then, with the bag of charcoal in one hand and the revolver in the other, Williams walked towards the exit. Before departing, Williams fired a single shot into the floor of the establishment. The entire incident was recorded by surveillance video cameras. After Williams left the store, employees called the police. Williams later was arrested with a revolver in his possession.

On October 15, 2024, the defendant was charged in an indictment with interference with commerce by robbery (Hobbs Act robbery), 18 U.S.C. § 1951(a), discharging a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A), and possessing a firearm after having been convicted of a felony, 18 U.S.C. § 922(g)(1). Williams filed his motion to dismiss the first two counts.

II.

Federal Rule of Criminal Procedure 12(b)(1) allows a defendant to "raise by pretrial motion any defense, objection, or request" before trial, but the court may entertain only those motions that it "can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A court can resolve a motion to dismiss without a trial "if it involves questions of law instead of questions of fact on the merits of criminal liability." *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997). The Court may "make preliminary findings of fact necessary to decide questions of law," but it may not "invade the province of the jury." *Ibid.* Consequently, "courts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based." *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001). If the government is not able to offer proofs at trial that satisfy an essential element of the charged offense, then the defendant may move for relief at the appropriate time. *See* Fed. R. Crim P. 29(a). But "a pretrial motion to dismiss an indictment is

not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000).

The defendant argues that the item that was stolen here had a retail value of less than $20, and the theft of a single item of minimal value that traveled in interstate commerce is insufficient under the prevailing Supreme Court jurisprudence to constitute a substantial connection to interstate commerce, citing *United States v. Morrison*, 529 U.S. 598 (2000), and *United States v. Lopez*, 514 U.S. 549 (1995). He reasons that allowing the charge alleged here to go forward would "invade state sovereignty" and "blur the lines" between federal and state robbery crimes. As for the firearm offense charged in count II, he says that because no valid predicate offense is alleged in the indictment, the use and discharge crime stated in that count also must be dismissed.

"The Hobbs Act makes it a crime to . . . 'obstruct[], delay[] or affect[] commerce or the movement of any article or commodity in commerce, by robbery.'" *United States v. Vichitvongsa*, 819 F.3d 260, 270 (6th Cir. 2016) (quoting 18 U.S.C. § 1951(a)). To secure a conviction under the Hobbs Act, "the Government must prove two elements: (1) interference with interstate commerce (2) in the course of a substantive criminal act [e.g., robbery]." *United States v. Ostrander*, 411 F.3d 684, 691 (6th Cir. 2005). "Federal jurisdiction over Hobbs Act violations is rooted in the Commerce Clause." *United States v. Watkins*, 509 F.3d 277, 280 (6th Cir. 2007) (citing *United States v. Davis*, 707 F.2d 880, 884 (6th Cir.1983)). "'Commerce,' for the purposes of the Hobbs Act, includes 'all . . . commerce over which the United States has jurisdiction.'" *Ibid.* (quoting 18 U.S.C. § 1951(b)(3)).

In *United States v. Lopez*, 514 U.S. 549 (1995), the Supreme Court declared unconstitutional 18 U.S.C. § 922(q)(1)(A), part of the Gun-Free School Zones Act of 1990, which criminalized the "knowing[] . . . possess[ion of] a firearm at a place that the individual knows, or

has reasonable cause to believe, is a school zone." The Court reasoned that "[t]he Act neither regulates a commercial activity nor contains a requirement that the possession be connected in any way to interstate commerce." 514 U.S. at 551. The Court explained that the Commerce Clause authorizes Congress to regulate "the use of the channels of interstate commerce," "the instrumentalities of interstate commerce," and "those activities that substantially affect interstate commerce." *Id.* at 558-559 (citations omitted). The challenged school zone firearm statute only was susceptible for consideration under the third option. The Court held "that the proper test requires an analysis of whether the regulated activity 'substantially affects' interstate commerce." *Id.* at 559. The statute, the Court found, failed that test because the link between gun possession and a "substantial" effect on interstate commerce was attenuated. *Id.* at 563-67.

Following *Lopez*, the Court in *United States v. Morrison*, 529 U.S. 598 (2000), struck down a part of the Violence Against Women Act that "provide[d] a federal civil remedy for the victims of gender-motivated violence." *Id.* at 601-02 (citing 42 U.S.C. § 13981). Again, the Court examined the statute under the third category of regulation of interstate commerce, acknowledging that "in those cases where we have sustained federal regulation of intrastate activity based upon the activity's substantial effects on interstate commerce, the activity in question has been some sort of economic endeavor." *Id.* at 611. But the Court rejected the proposition that congressional authority extended "to every attenuated effect upon interstate commerce," because "[i]f accepted, [that] reasoning would allow Congress to regulate any crime as long as the nationwide, aggregated impact of that crime has substantial effects on employment, production, transit, or consumption." *Id.* at 615.

Seizing on the language of these cases, defendant Williams argues that the theft of a bag of charcoal, which he pegs at $20, cannot possibly "'substantially affect[]' interstate commerce."

*Lopez*, 514 U.S. at 559. There are at least two problems with that argument. One is that the value of the bag of charcoal is not charged in the indictment, and to determine that fact — and other circumstances concerning the Family Dollar Store and its relation to interstate commerce — would require a trial "on the merits." Fed. R. Crim. P. 12(b)(1). The question, therefore, cannot be answered by adjudicating a motion to dismiss.

More fundamentally, the minimal retail value of the item stolen does not preclude a showing of the required nexus with interstate commerce where the defendant robs a retail establishment that deals generally in goods that move in interstate commerce. The Sixth Circuit has held that "[w]hen the defendant robs a business, then 'government must prove only that a robbery has a *de minimis* effect on interstate commerce in order to satisfy the jurisdictional requirement of the Hobbs Act.'" *United States v. Chisholm*, No. 21-3271, 2022 WL 203203, at *2 (6th Cir. Jan. 24, 2022) (quoting *United States v. Baylor*, 517 F.3d 899, 901 (6th Cir. 2008) (citing *United States v. Smith*, 182 F.3d 452, 456 (6th Cir. 1999))). That governing principle has been affirmed and reaffirmed repeatedly by the court of appeals, notwithstanding the intervening changes in Commerce Clause jurisprudence wrought by *Lopez* and *Morrison*. *Id.* at *3 (6th Cir. Jan. 24, 2022) (observing that the Sixth Circuit "ha[s] repeatedly upheld the de minimis standard even in the wake of *Morrison* and *Lopez*."). The Sixth Circuit also repeatedly has affirmed Hobbs Act convictions based on proof that the defendant committed a single retail storefront robbery, irrespective of the scope of the individual theft. *Ibid.* ("Chisholm [] suggests that robbing a single retail store does not meet even the *de minimis* test. According to Chisholm, there needs to be something more than the stolen goods being shipped to the retail store from another state. But we have held just the opposite. Robbing a business that buys or sells goods across state lines satisfies the Hobbs Act's 'affects commerce' requirement." (citing *United States v. Sanders*, No. 20-3963,

2021 WL 4787226, at *3 (6th Cir. Oct. 14, 2021)). As the Sixth Circuit explained in *United States v. Sanders*, the robbery of any retail establishment dealing in goods shipped across state lines is enough to establish the interstate commerce element for Hobbs Act robbery. 2021 WL 4787226, at *3 (citing as an example *United States v. Frazier*, 414 F. App'x 782, 782-83 (6th Cir. 2011), where "the robbery of a Family Dollar Store's cash register satisfied the commerce element because this Memphis store sold goods originating from outside Tennessee.").

None of the cases on point recognize any distinction based on the value of items or money procured during the robbery. Moreover, the defendant here does not challenge the government's offer of proof that the store he robbed sold numerous goods that traveled in interstate commerce, including the bag of charcoal that he took, which the government says was shipped to Michigan from outside the state. The defendant has not shown that the indictment charging the Hobbs Act violation is deficient "for failure to state an offense," Fed. R. Crim. P. 12(b)(3)(B)(v), for want of sufficient allegations of an interstate commerce nexus.

The defendant also says that the indictment lacks the required predicate charge to support a conviction under 18 U.S.C. § 924(c)(1)(A) for discharging a firearm during and in relation to a crime of violence. However, that argument is premised on his position that the Hobbs Act charge is deficiently charged. It is not, for the reasons stated above. And it is well settled that Hobbs Act robbery is a valid predicate offense for a section 924(c) conviction. *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017) ("A conviction under § 1951(b)(1) requires a finding of 'actual or threatened force, or violence, or fear of injury, immediate or future.' Section 1951(b)(1) clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under § 924(c)(3)(A).").

III.

Under the governing Sixth Circuit law, Counts I and II of the indictment state criminal offenses against the United States.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss the indictment (ECF No. 46) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   November 17, 2025